ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| GLORIA M. CAMARA VÁZQUEZ<br><br>Recurrido<br><br>v.<br><br>EUROJAPON DISTRIBUTORS, INC.<br><br>Recurrente | **KLRA202300592** | *REVISIÓN ADMINISTRATIVA* procedente de DACO<br><br>Caso Núm.: SAN-2023-0015019<br><br>Sobre:<br>Compra Venta de Vehículo de Motor |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparece ante este foro Eurojapón Distributor's Inc. (Eurojapón o "parte recurrente") y, mediante el recurso de Revisión Judicial de epígrafe, solicita que revisemos la *Resolución* notificada por el Departamento de Asuntos del Consumidor (DACo) el 17 de octubre de 2023. Mediante el dictamen administrativo, el DACo determinó que la parte recurrente le había cobrado la cantidad de $600.00 por concepto de pago de tablilla a la Sra. Gloria M. Camara Vázquez (señora Camara), y ordenó su devolución.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Resolución* recurrida.

### I.

El 26 de junio de 2023, la señora Camara presentó la *Querella* número SAN-2023-0015019 ante el DACo, en contra de Eurojapón.[1] Expuso que, el 14 de abril de 2022 adquirió de la parte recurrente un vehículo de motor

---

[1] *Notificación de Querella*, anejo IV, págs. 5-8 del apéndice del recurso.

usado marca Mercedes Benz, modelo GLE 350 del año 2017, por el precio de $39,900.00, más $600.00 en efectivo para adquirir y procesar la tablilla. Sostuvo que, es ilegal que le hayan cobrado los $600.00 para procesar y adquirir la tablilla, por tal razón, solicitó su devolución.

Así las cosas, y según le autoriza el Reglamento de Procedimientos Adjudicativos del DACo del 13 de junio de 2011 (en adelante, Reglamento Núm. 8034), el 17 de octubre de 2023 el DACo notificó la *Resolución* recurrida.[2] Mediante esta, determinó que Eurojapón cobró la cantidad de $600.00 por concepto de pago de tablilla, incumpliendo con el *Reglamento de Prácticas Comerciales*, Reglamento Núm. 9158. En consecuencia, declaró *Ha Lugar* la *Querella*, y ordenó que dentro del término de veinte (20) días, le devolviera dicha cantidad a la señora Camara.

Inconforme con dicha determinación, el 16 de noviembre de 2023, Eurojapón acudió ante este foro mediante el recurso de *Revisión Judicial*, y formuló los siguientes señalamientos de error:

> PRIMER ERROR:
> Erró DACO al emitir una Resolución Sumaria cuando la querella estaba prescrita.

> SEGUNDO ERROR:
> En la alternativa, erró DACO al determinar que el cobro de los $600.00 era correspondiente al pago de tablilla.

El 22 de noviembre de 2023, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en el Reglamento de este Tribunal para que presentara su alegato.

---

[2] *Notificación de Querella*, anejo V, págs. 9-12 del apéndice del recurso.

Así las cosas, la parte recurrida no presentó su alegato en oposición al recurso de revisión en el término establecido. Por consiguiente, declaramos perfeccionado el recurso de epígrafe y estando en posición para resolver, procedemos a así hacerlo.

**II.**

**-A-**

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina." *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 625-626 (2016). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas." *Graciani Rodríguez v. Garaje Isla Verde, LLC*, 202 DPR 117, 126 (2019).

La normativa jurisprudencial ha reiterado que, en el derecho puertorriqueño, existe una presunción de legalidad y corrección a favor de los procedimientos y decisiones que emiten las agencias administrativas. *Rolón Martínez v. Supte. Policía*, supra. Ello responde "a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados." *Íd*.

Así, el estado de derecho vigente nos impone otorgar deferencia a las agencias administrativas, siempre que la parte que impugne el dictamen administrativo no produzca evidencia suficiente que rebata la presunción de legalidad y corrección. *Graciani Rodríguez v. Garaje Isla Verde*, LLC, supra, citando a *Otero v. Toyota*, 163 DPR 716, 728 (2005) (*per*

*curiam*). Por tanto, al llevar a cabo nuestra función revisora, debemos enfocarnos en determinar: (1) si el remedio fue el apropiado; (2) si las determinaciones de hechos están sostenidas por el principio de evidencia sustancial; y (3) si las conclusiones de derecho fueron correctas. *Torres Rivera v. Policía de PR*, supra, pág. 626-627; *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

Nuestro Tribunal Supremo ha expresado que los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo si están sostenidas por evidencia sustancial que surja del expediente administrativo, considerado en su totalidad. Sección 4.5 de la Ley Núm. 38-2017, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9675. Véase, además: *Otero v. Toyota*, supra, págs. 727-728.

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. *Torres Rivera v. Policía de PR*, supra, pág. 628. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Véase, sección 4.5 de la LPAU, *supra*.

-B-

Mediante el *Reglamento de Prácticas Comerciales*, Reglamento Núm. 9158 del DACo, la agencia agrupó las medidas que regulan determinadas prácticas comerciales. *Íd.*, Regla 2. Esto con el fin de velar por la seguridad y confianza de los consumidores. *Íd.* Dicho Reglamento

aplica a toda persona natural o jurídica que se dedique a ofrecer bienes o servicios a consumidores en la jurisdicción del Estado Libre Asociado de Puerto Rico.

Respecto a la venta de vehículos, el Reglamento en la Regla 20(f) dispone lo siguiente:

> En toda transacción de compraventa o arrendamiento de un vehículo de motor nuevo, los gastos de registro o gestiones relacionadas al mismo, no deberán exceder las cuantías establecidas por el Departamento de Transportación y Obras Públicas para lograr el registro de la unidad. Todo gasto atribuible a dicha transacción deberá ser claramente desglosado por el vendedor en el contrato de compraventa. No se podrá cobrar dos veces por la misma gestión. En el caso de los vehículos de motor usados, el concesionario no podrá cobrar cuantía alguna por concepto de traspaso o gestiones relacionadas al mismo. Reglamento Núm. 9158, Regla 20(f).

### III.

En el caso de autos, Eurojapón en su recurso, señala que incidió el DACo al emitir una resolución sumaria, cuando la querella estaba prescrita. A su vez, al determinar que los $600.00 correspondían al pago de la tablilla del vehículo de motor.

La parte recurrente sostiene que la señora Camara, transcurridos más de 14 meses desde que adquirió el vehículo fue que radicó la *Querella*. Alegan que, el Reglamento 7159 de *Garantía de Vehículo de Motor* del DACo, establece que le concederán una garantía a base del millaje recorrido y según la escala de "hasta 36,000 millas – cuatro (4) meses o cuatro mil (4,000) millas, lo que ocurra primero." Por lo tanto, sostienen que la señora Camara tenía hasta 4 meses o 4,000 millas para radicar la querella. Consecuentemente, arguyen que la querella estaba prescrita. No le asiste razón.

La señora Camara, no reclama la ausencia de una garantía, sino, la devolución de un cobro ilegal. En la *Querella* expresó que le solicitaron la cantidad de $600.00 para que pudiera adquirir y fuera procesada la tablilla del vehículo.

De otra parte, Eurojapón alega que los $600.00 que cobraron corresponden al cargo de "*Document Fees*". Así, afirmaron que en el contrato de compra dispone que los "*Document Fees*" o "Gastos de Cierre" no son reembolsables una vez la persona firme la factura y el contrato. Conforme al derecho antes expuesto, la Regla 20 del *Reglamento de Prácticas Comerciales* prohíbe esta conducta y establece que, en el caso de los vehículos de motor usados, el concesionario no podrá cobrar cuantía alguna por concepto de traspaso o gestión relacionados al mismo.

En virtud de lo allí consignado, resolvemos que no se cometió el error señalado. En efecto, Eurojapón cobró indebidamente la cantidad de $600.00 en concepto de la tablilla, al ser el vehículo adquirido por la señora Camara un vehículo usado.

### IV.

Por los fundamentos antes expuestos, se **CONFIRMA** la *Resolución* recurrida.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones